IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELITA TURNER, JENNIFER JACOBS, AYA TIACOH, and KHALILA WILLIAMS, | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 12-1620 |
| VS. | § § | |
| GOODWILL INDUSTRIES OF HOUSTON, | § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The parties conferred by email and met via telephone conference on October 4, 2012. Carol Nelkin appeared for the Plaintiffs, Shelita Turner, Jennifer Jacobs, Aya Tiacoh and Khalila Williams. Todd Zucker appeared for Defendant, Goodwill Industries of Houston.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3. **Briefly describe what this case is about:**

    Plaintiffs allege that Defendant subjected them to employment discrimination on the basis of their race, African American. Plaintiffs further allege that when they attempted to remedy the discrimination to which they and other African Americans were subjected, they were the victims of retaliation which ultimately resulted in the termination of their employment. Plaintiffs Turner, Jacobs and Tiacoh alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Plaintiff Williams alleges violation of 42 U. S. C. § 1981. Additionally, Plaintiff Turner alleges that she was discriminated against in violation of the Americans with Disabilities Act of 1990 and ADA Amendment Act of 2008. In the alternative, Plaintiffs Turner, Jacobs and Tiacoh allege state law wrongful termination claims based on termination for failure to engage in illegal conduct.

Defendant denies the Plaintiffs' allegations and contends that the Plaintiffs failed to exhaust administrative remedies, that the claims are barred in whole or in part by the applicable statute of limitations, that the *Sabine Pilot* claims cannot proceed in light of the other claims asserted, and that the Plaintiffs fail to state a claim under the ADA or ADAAA. Defendant further contends that any adverse employment action affecting any Plaintiff was for legitimate non-discriminatory reasons, or that there was no adverse employment action. Defendants further contend that Plaintiffs have no right to bring these claims against Defendant and that Defendant is entitled to rely on the "Same Actor" inference" to negate any claimed discrimination. Moreover, Defendant asserts the defense of "after acquired evidence" to eliminate any purported damages of the Plaintiffs.

**4.    Specify the allegation of federal jurisdiction.**

Plaintiffs have invoked the Court's jurisdiction under 28 U.S.C. § 1343 which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, and under 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States. Plaintiff also invokes jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) as this is an action to secure the protection of and to redress deprivation of rights protected by Title VII and 42 U.S.C. § 1981. Jurisdiction is also invoked pursuant to 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII; the ADA Amendment Act of 2008; Section 102 of the Civil Rights Act of 1991 as this action is also brought to secure rights under the Americans With Disabilities Act of 1990, as amended.

**5.    Name the parties who disagree and the reasons.**

Defendant admits the Plaintiffs' statement of law as to jurisdiction but specifically denies subject matter jurisdiction as to Plaintiffs Jacobs, Tiacoh and Williams based on failure to exhaust administrative remedies. Defendant admits its headquarters are located within the District and that venue is proper under 28 U.S.C. § 1391(b). Defendant admits that Turner has fulfilled all of the jurisdictional requirements for filing this action but denies that Plaintiffs Jacobs, Tiacoh and Williams have fulfilled all of the jurisdictional requirements for filing this action.

**6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None known.

**7.    List anticipated interventions.**

No anticipated interventions are known at this time.

**8.    Describe class-action issues.**

None at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiffs will make their initial disclosures on October 12, 2012. Defendant will make its initial disclosures on or before October 12, 2012.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f):**

   **Rule 26(f)(1)-(2).** The parties have conferred.

   **Rule 26(f)(3).** (A) No changes are required in the timing, form or requirement for conferring or disclosures under Rule 26(a)(1) or local rules; (B) Discovery should be conducted on the allegations and defenses raised by the Plaintiffs and the Defendant in the Complaint and Answer and **discovery shall be completed by July 1, 2013**; (C) – (D) The parties anticipate that issues concerning electronic discovery and privilege issues will be handled by agreement and cooperation if the need arises; (E) The parties agree to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the local rules, and if the need arises, the parties may, by leave of court or agreement, seek extension of existing limitations; (F) No orders are anticipated at this time.

   **Rule 26(f)(4).** No party anticipates orders for expediting matters under Rule 26(f)(4).

   B. **When and to whom the plaintiffs anticipate they may send interrogatories.**

   Plaintiffs will send interrogatories to Defendant by **May 29, 2013,** so as to be due prior to the close of discovery.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendant will send interrogatories to Plaintiffs so as to be due prior to the close of discovery and anticipates sending the interrogatories within 120 days from the date this order is signed, before **February 13, 2013.**

   D. **Of whom and by when the plaintiffs anticipate taking oral depositions.**

   Plaintiffs anticipate taking the depositions of Defendant's employees or former employees, including but not limited to Terry Seufert, Sandra Berry, Phil Solis, Bill Sala, Steve Lufburrow, plus anyone Defendant indicates has knowledge about the facts of this litigation, and any experts designated by the Defendant.

Plaintiffs may find it necessary to depose additional witnesses whose identity and knowledge of events may be disclosed in the course of discovery. Plaintiffs anticipate completing these depositions upon dates agreed on by all parties, but in any event before the discovery deadline set by this Court.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the depositions of all Plaintiffs and, potentially, all persons identified by Plaintiffs in their initial disclosures, when filed. Defendant anticipates completing these depositions by **May 14, 2013,** which is approximately sixty (60) days from the receipt of Plaintiffs' answers to the Defendant's written discovery and upon dates agreed on by all parties, but in any event before the discovery deadline set by this Court.

Defendant anticipates deposing any expert witnesses designated by the Plaintiffs.

Defendant may find it necessary to depose additional witnesses whose identity and knowledge of events may be disclosed in the course of discovery.

F. **When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs anticipate designating expert witnesses. Plaintiff will make their designation and provide expert reports as required by Rule 26(a)(2)(B) by 120 days prior to the end of the discovery period set forth above, **which is before March 4, 2013.**

Defendant anticipates designating expert witnesses. Defendant will make its designation and provide expert reports as required by Rule 26(a)(2)(B) by the later of 75 days before the end of the discovery period as set forth above **(by April 17, 2013)** or thirty (30) days after the Plaintiffs have duly designated their experts and tendered reports to the extent provided by the F.R.C.P.

G. **List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking the deposition of any experts designated by the Defendants and possibly experts designated by Plaintiffs if those experts are unable to appear live at trial. Plaintiffs anticipate that such depositions may be completed before the close of discovery.

4

> H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant will depose any experts designated by Plaintiffs, and possibly experts designated by Defendant if those experts are unable to appear live at trial. Defendant anticipates being able to complete those depositions before the close of discovery.

**11.** If the parties cannot agree on a part of the discovery plan, describe the separate views and proposals of each party.

The parties have no disagreements regarding the discovery plan.

**12.** Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

**13.** State the date the planned discovery can reasonably be completed:

July 1, 2013.

**14.** Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Both parties are willing to consider mediation as a means of prompt resolution after they determine the basic facts and issues of the case and after they have conducted some discovery.

**15.** Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have discussed some issues for resolution of particular claims, and specifically those issues raised in the Defendant's motion to dismiss, which have resulted in some streamlining of the case, but the parties have not been able to resolve the entire action.

**16.** From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Plaintiffs are amenable to mediation or a settlement conference after depositions of key defense witnesses have been taken.

Defendant is amenable to mediation or a settlement conference after Plaintiffs' depositions are taken.

**17.** Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

5

The parties do not consent to trial before the Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiffs will need 30 hours to present their evidence.

    Defendant will need 20-32 hours to present its evidence.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendant's Partial Motion to Dismiss as to Plaintiffs' First Amended Complaint Under Rule 12(b)(6).

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    <u>**Counsel for Plaintiffs:**</u>

    Carol Nelkin
    Attorney In Charge
    State Bar No. 14883500
    NELKIN & NELKIN, P. C.
    5417 Chaucer Drive
    Houston, TX 77005
    713-526-4500 (Telephone)
    713-825-4161 (Facsimile)
    cnelkin@nelkinpc.com

Of Counsel:

Stuart M. Nelkin
State Bar No. 14884000
NELKIN & NELKINH, P. C.
5417 Chaucer Drive
Houston, TX 77005
713-526-4500 (Telephone)
713-825-4161 (Facsimile)
snelkin@nelkinpc.com

**Counsel for Defendant:**

E. Michelle Bohreer
Attorney In Charge
Federal I.D.: 12074
SBN 06717100
BOHREER & ZUCKER LLP
1601 Westheimer
Houston, Texas 77006
713-526-8100
713-526-8105 (FAX)
michelleb@bohreerzucker.com

Of Counsel:

Todd J. Zucker
Federal I.D. 11598
SBN 22290465
BOHREER & ZUCKER LLP
1601 Westheimer
Houston, Texas 77006
713.526.8100
713.526.8105 (FAX)
toddz@bohreerzucker.com

                                                                    Respectfully submitted,

                                                                    **Nelkin & Nelkin, P. C.**

                                                                    /s/ Carol Nelkin
                                                                    Carol Nelkin
                                                                    State Bar No. 14883500
                                                                    5417 Chaucer Drive
                                                                    Houston, TX 77005
                                                                    713-526-4500 (Telephone)
                                                                    713-825-4161 (Facsimile)
                                                                    cnelkin@nelkinpc.com

                                                                   ATTORNEY IN CHARGE FOR
                                                                    PLAINTIFFS SHELITA TURNER,
                                                                    JENNIFER JACOBS, AYA TIACOH
                                                                    AND KHALILA WILILAMS

OF COUNSEL:

Stuart M. Nelkin
State Bar No. 14884000
Nelkin & Nelkin, P. C.
5417 Chaucer Drive
Houston, TX 77005
713-526-4500 (Telephone)
713-825-4161 (Facsimile)
snelkin@nelkinpc.com

ATTORNEYS FOR PLAINTIFFS

8

              BOHREER & ZUCKER LLP

              /s/ E. Michelle Bohreer
              E. Michelle Bohreer
              State Bar No. 06717100
              1601 Westheimer
              Houston, Texas 77006
              (713) 526-8100
              (713) 526-8105 (Facsimile)
              (832) 622-4400 (Bohreer cell)
              michelleb@bohreerzucker.com

              ATTORNEY IN CHARGE FOR
              DEFENDANT GOODWILL
              INDUSTRIES OF HOUSTON, INC.

OF COUNSEL:
Todd J. Zucker
State Bar No. 22290465
BOHREER & ZUCKER LLP
1601 Westheimer
Houston, Texas 77006
(713) 526-8100 (Telephone)
(713) 526-8105 (Facsimile)
(832) 622-4343 (Zucker cell)
toddz@bohreerzucker.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  I hereby certify that, on this 4th day of October 2012, a true and correct copy of the foregoing instrument was served, via ECF, upon the following counsel and/or parties of record:

  E. Michelle Bohreer
  Todd J. Zucker
  Bohreer & Zucker LLP
  1601 Westheimer
  Houston, TX 77006

              /s/ Carol Nelkin
              Carol Nelkin